CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON RANDOLPH MOORE, JR., ) | |
|    Petitioner, ) | Civil Action No. 7:25cv00052 |
| ) | |
| v. ) | |
| ) | |
| WARDEN JEFFERY ARTRIP, ) | By: Elizabeth K. Dillon |
|    Respondent. ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Aaron Randolph Moore, Jr., a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 22, 2025. (Dkt. No. 1.) The court issued an order conditionally filing this action and directing petitioner to pay the filing fee and to provide argument or evidence to establish that his petition is timely. (Dkt. No. 2.) Petitioner was given thirty days to complete these tasks. Petitioner has paid the filing fee, but he did not address the timeliness of his petition.

Moore previously filed a petition in this court that was dismissed after a similar warning. Case No. 7:24-cv-619 (W.D. Va.) In that case, Moore did not pay the filing fee, address the timeliness of the petition, or submit a signed petition. (Dkt. Nos. 6, 7.) The petition was filed on September 10, 2014, and dismissed by the court on November 12, 2014.[1]

The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] In the instant matter, it is apparent to the court that Moore is attempting to challenge the same convictions that were referenced in the previous case, 7:24-cv-619. The new petition was signed by Moore and included the '619 case number, but the case was assigned a new case number because the '619 case had been closed.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section § 2244(d)(2) provides that periods of time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1)."

At this point, petitioner has been given two opportunities to provide argument or evidence to demonstrate that his challenge to convictions from 2011 are timely, and he has failed to do so. Thus, finding that Moore's petition is untimely, and that he has failed to prosecute this action by following the directives of the court, the court will dismiss this matter without prejudice.

Accordingly, it is HEREBY ORDERED that this matter is DISMISSED without prejudice. Finding that petitioner has not made a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c), the court DECLINES to issue a certificate of appealability. The Clerk shall transmit a copy of this memorandum opinion and order to Moore and to all counsel of record.

Entered: May 5, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge